

75 Livingston Avenue, Roseland, NJ 07068  (973) 622-1800

January 27, 2023

**Via ECF/Federal Express**
Hon. Christine P. O'Hearn, U.S.D.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

  Re: **2 Hopkins Lane, LLC v. Borough of Haddonfield, et al.**
     **Civil Action No. 1:22-cv-07065-CPO-SAK**

Your Honor:

  This firm represents Defendants Borough of Haddonfield (the "Borough") and Borough of Haddonfield Zoning Board of Adjustment (the "Zoning Board," and together with the Borough, the "Defendants") in connection with the above-referenced action. Defendants filed a clerk's extension on January 11, 2023, which extended the deadline for responding to Plaintiff's Complaint to January 26, 2023. On January 26, 2023, Defendants filed a motion to dismiss Plaintiff 2 Hopkins Lane, LLC's (the "Plaintiff") Complaint. Defendants received notice on this date of a failure to submit a letter requesting a pre-motion conference in accordance with the Court's Individual Rules and Procedures. Please accept this filing as Defendants' request for a pre-motion conference. Defendants respectfully request that the Court toll Defendants' time to file its motion through the date of a pre-motion conference or the Court's decision not to conduct such a conference.

  Defendants submit this request to set forth basis for its anticipated motion to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted[1], or in the alternative for dismissal of Count Two through Count Six of the Complaint, with the balance of the state and common law claims referred to state court for disposition.

  **Dismissal of Plaintiff's Complaint in the Entirety**
  Defendants' proposed basis for the dismissal is founded upon its contractual relationship with Plaintiff, which is memorialized through a Settlement Agreement by and between Plaintiff and the Borough (the "Settlement Agreement"), dated January 11, 2016, which agreement was

---

[1] A complaint will not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

subsequently and expressly superseded by a Redevelopment Agreement negotiated by the parties, executed in February 2019 (the "Redevelopment Agreement")[2]. The Settlement Agreement resolved a 2015 state court action Plaintiff filed against the Zoning Board (hereinafter the "2015 State Action") (*see*, Complaint, ¶36).

The Redevelopment Agreement is the only agreement that governs the relationship between the parties in this matter. As specifically set forth therein, Plaintiff may only retain its rights and remedies under the Settlement Agreement upon termination of the Redevelopment Agreement for failure to obtain necessary governmental approvals for the construction of 80 market-rate, age-targeted residential rental units and 10 rental units affordable to households of low or moderate incomes (the "Redevelopment Project"), if Plaintiff cannot obtain financing for said project, or for a default by the Borough[3]. To date, no default has been noticed and **neither Plaintiff nor the Borough have terminated the Redevelopment Agreement.** "Where the terms of a contract are clear and unambiguous there is no room for interpretation or construction" and the courts must enforce those terms as written. *Sons of Thunder v. Borden*, 285 N.J. Super. 27, 48-49 (App. Div. 1995) (additional citations omitted). For these reasons, Defendants seek dismissal of the Complaint in its entirety, as Plaintiff has not availed itself of the contractual remedies set forth in the Redevelopment Agreement.

### Dismissal of Count Two through Count Six of the Complaint

In the alternative, Defendants seek dismissal of Counts Two through Six of the Complaint. Therein, Plaintiff asserts claims pursuant to the Americans with Disabilities Act ("ADA"), the Fair Housing Amendment Act ("FHAA"), the Rehabilitation Act ("RA"), and 42 U.S.C. § 1983, for alleged violation of Plaintiff's right to substantive and procedural due process.

Violations of the FHAA, ADA and RA's prohibitions on disability discrimination may proceed under any or all of three liability theories: (1) disparate treatment; (2) disparate impact; and (3) failure to make reasonable accommodations. *See* 42 *U.S.C.* § 3604(f); *McKivitz v. Township of Stowe,* 769 F.Supp.2d 803, 823 (W.D.Pa. 2010). Plaintiff's claims thereunder arise from the allegations that led to the 2015 State Court Action – Plaintiff's 2015 application for a zoning permit approval for

---

[2] It must be noted that the Redevelopment Agreement is expressly referenced in the Complaint, and therefore can be considered without converting this proposed motion to dismiss into a motion for summary judgment. *See, Teamsters Local 97 v. State,* 434 N.J. Super. 393, 414 (App. Div. 2014).

[3] At the Court's request, Defendants will submit a certification and a true and correct copy of the Redevelopment Agreement for the Court's review.

a residential treatment facility proposed to be located in the Borough, which application was denied when it was determined that facility was not a continuation of a prior non-conforming use of the subject property. *See*, Complaint ¶25. The Complaint fails to establish any discrimination by Defendants. Other than unsupported conclusions that the denial of Plaintiff's requested zoning changes was for discriminatory reasons, Plaintiff does not allege a fact to support its conclusion that its prospective clients were treated differently, and therefore cannot establish that the actions of the Defendants resulted in disparate treatment, disparate impact or a failure to provide reasonable accommodations to individuals with disabilities.  For these reasons Count Two through Count Four should be dismissed.

In order to succeed on a substantive due process claim, a plaintiff "must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).  Plaintiff claims to have a protected **constitutional** interest in and to the contractual rights set forth in the Settlement Agreement, as well as the underlying property on which the abandoned residential treatment facility project was to be developed.  *See*, Complaint, ¶11; ¶120; ¶129. Plaintiff alleges that it has been deprived of certain property and contractual rights arising from their planned development of this proposed residential treatment facility project.

The relationship between the parties is now governed pursuant to the superseding Redevelopment Agreement. Nevertheless, Plaintiff has failed to establish that either the denial of Plaintiff's 2015 zoning permit application, or any alleged breach of the obligations set forth in the Redevelopment Agreement, can rise to the level of actions that can be described as "shocking to the conscience."  Any action taken by the Borough or the Zoning Board in connection with Plaintiff's 2015 zoning permit application adhered to the requirements set forth in the Municipal Land Use Law.  *See*, *N.J.S.A.* 40:55D-72(a).  Any action taken by the Borough with regard to the Redevelopment Project was in accordance with the obligations and procedures set forth therein and does not deprive Plaintiff of any of its procedural or due process rights. For these reasons, Count Five and Count Six of the Complaint should be also dismissed, with the balance of the state and common law claims referred to state court for disposition.

Should Your Honor have any questions related to the foregoing please do not hesitate to contact this office.

Respectfully submitted,

*William P. Opel*
William P. Opel, Esq.

4893-6914-6189, v. 1