## MARINO, TORTORELLA & BOYLE, P.C.
### ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
───────
ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*
PATRICK S. SALAMEA
JENNIFER P. MONTAN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

888 SEVENTH AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10019
TELEPHONE (212) 307-3700
FAX (212) 262-0050
e-mail: kmarino@khmarino.com
*OF COUNSEL

February 3, 2023

**VIA ECF**

Honorable Christine P. O'Hearn, U.S.D.J.
United States District Court
4th & Cooper Streets
Camden, New Jersey 08101

   Re: *2 Hopkins Lane, LLC v. Borough of Haddonfield Zoning Board of Adjustment, et al.*,
     Case No.: 1:22-cv-07065-CPO-SAK

Dear Judge O'Hearn:

  We represent Plaintiff, 2 Hopkins Lane, LLC ("2HL"), and respectfully submit this response to the request of Defendants, Borough of Haddonfield Zoning Board of Adjustment and Borough of Haddonfield (together, "Haddonfield"), for a pre-motion conference. For the reasons set forth below, the grounds on which Haddonfield would seek dismissal of 2HL's Complaint are without merit. Accordingly, its request should be denied.

  **A. Summary Of The Complaint**

  In March 2015, 2HL entered into a Sale Agreement to purchase property in Haddonfield (the "Property") on which it planned to develop and operate a residential drug and alcohol treatment facility. Because its residents opposed 2HL's plan, Haddonfield set about preventing it by, *inter alia*, denying 2HL's zoning application and its appeal of that denial. In October 2015, 2HL sued Haddonfield in New Jersey state court for violations of its right to due process, the Americans with Disabilities Act ("ADA"), the Fair Housing Amendment Act ("FHAA"), the Rehabilitation Act, and New Jersey's Law Against Discrimination. In January 2016, 2HL and Haddonfield entered into a Settlement Agreement whereby 2HL (i) assigned the Sale Agreement to Haddonfield for payments of $1.4 million to 2HL and $11.5 million to the Property's owner; and (ii) retained an option to purchase part of the Property to develop a retirement community. The Settlement Agreement obligated Haddonfield to cooperate with 2HL in its effort to secure the approvals necessary for the development.

  As is now clear, Haddonfield never intended to permit 2HL to complete the contemplated development. Rather than facilitate 2HL's plan to do so, Haddonfield (a) adopted redevelopment plans that deviated from the Settlement Agreement; (b) delayed negotiation and adoption of an amended redevelopment agreement; (c) refused to rule on or execute 2HL's development plans and applications; and (d) forced 2HL to incur substantial costs to fulfill its obligations, only to further delay the development and deny approvals. Frustrated by Haddonfield's misconduct, 2HL filed this action stating claims for (i) rescission of the Settlement Agreement on fraudulent inducement grounds; (ii) constitutional violations and discrimination; (iii) breach of the Settlement

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Christine P. O'Hearn, U.S.D.J.
February 3, 2023 – Page 2

Agreement; (iv) revocation of Haddonfield's immunity from "builder's remedy" lawsuits; and (v) a "builder's remedy" for a 400-unit development.

### B. The Parties' Contractual Relationship Does Not Warrant Dismissal.

Haddonfield's first purported ground for dismissal of the Complaint is "its contractual relationship with Plaintiff, which is memorialized through [the Settlement Agreement], which agreement was subsequently and expressly superseded by a Redevelopment Agreement." (1/27/23 Letter at 1-2.) Specifically, Haddonfield argues that the Redevelopment Agreement governs the parties' entire contractual relationship and thus bars 2HL's claims because it "has not availed itself of the contractual remedies set forth in" that Agreement. (*Id.* at 2.) As a threshold matter, Haddonfield does not explain why the existence of certain remedies in the Redevelopment Agreement would bar 2HL's constitutional and statutory claims, which are based on the Borough's discriminatory plan to prevent 2HL from operating a drug and alcohol treatment facility on the Property.

Further, Haddonfield's argument ignores that the Complaint's first count asserts a claim for fraudulent inducement and seeks rescission of the Settlement Agreement—without which the Redevelopment Agreement would not exist. Thus, regardless of whether the "contractual relationship" between Haddonfield and 2HL might otherwise preclude 2HL's claims, 2HL alleges that the contracts forming that relationship were fraudulently induced and should be rescinded.

Finally, if the Redevelopment Agreement superseded the Settlement Agreement, Haddonfield violated the Redevelopment Agreement rather than the Settlement Agreement. That is not a basis to dismiss the Complaint.

### C. The Complaint Adequately Alleges 2HL's Discrimination Claims.

Haddonfield also argues that Counts Two through Four of the Complaint, which assert discrimination claims under the ADA, the FHAA and the Rehabilitation Act, must be dismissed because "[t]he Complaint fails to establish any discrimination by Defendants." (1/27/23 Letter at 3.) But 2HL does not have to establish or prove Haddonfield's discrimination at the pleading stage. Rather, it need only allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Critically, that pleading standard "does not require 'detailed factual allegations.'" *Id.* (quoting *Twombly*, 550 U.S. at 550, 557).

The Complaint meets that standard. It alleges numerous discriminatory actions by Haddonfield representatives, including (a) telling the former owner that 2HL would never get the approvals necessary for a drug and alcohol rehabilitation facility (Compl., ¶ 23); (b) denying 2HL's permit application even though its planned use of the Property as a residential treatment facility was the same as the former owner's (*id.*, ¶¶ 24-25); (c) refusing to allow 2HL to present evidence before denying its zoning appeal (*id.*, ¶¶ 26-35); (d) fraudulently inducing 2HL to enter the Settlement Agreement to avoid a court order allowing 2HL's facility (*id.* ¶¶ 7-8, 36-47, 74-84); and (e) impeding 2HL's efforts to develop the retirement community although its ability to do so was its consideration for entering the Settlement Agreement (*id.*, ¶¶ 48-73). Further, the

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Christine P. O'Hearn, U.S.D.J.
February 3, 2023 – Page 3

Complaint alleges that Haddonfield's Mayor acknowledged the Borough's discriminatory intent, referring to its costs in connection with the Property as being "associated with stopping the drug and alcohol rehabilitation center in that location." (*Id.*, ¶ 35 & Ex. 1.)

### D. The Complaint Adequately Alleges 2HL's Constitutional Claims.

Counts Five and Six of the Complaint allege procedural and substantive due process claims under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments based on Haddonfield's illegal and discriminatory denials of 2HL's zoning permit application and its appeal of that decision.

Haddonfield does not offer a basis for dismissal of 2HL's procedural due process claim, and none exists. "To state a procedural due process claim under Section 1983, the plaintiff must allege that (1) he or she was deprived of an interest encompassed within the Fourteenth Amendment's protection of life, liberty, and property, and (2) the procedures available to the plaintiff did not provide due process of law." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 499 (D.N.J. 2008). The rights afforded by the Fourteenth Amendment include "a neutral arbiter," "an opportunity to make an oral presentation," and "a means of presenting evidence." *Rogin v. Bensalem Twp.*, 616 F.2d 680, 694 (3d Cir. 1980). Under that standard, the Complaint adequately pleads a procedural due process violation, as it alleges that Haddonfield's zoning officer and zoning board were not neutral arbiters and denied 2HL the opportunity to make an oral presentation and present evidence by precluding it from introducing any evidence or testimony.

Further, "[t]o establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). Haddonfield contends that "Plaintiff has failed to establish that either the denial of Plaintiff's 2015 zoning permit application, or any alleged breach of the obligations set forth in the Redevelopment Agreement, can rise to the level of actions that can be described as 'shocking to the conscience.'" (1/27/23 Letter at 3.) That argument ignores (i) the pleading standard, which does not require 2HL to prove its claims at this stage; and (ii) the Complaint's allegations detailing that Haddonfield's actions were animated by its overt discriminatory animus.

### E. Conclusion

In sum, Haddonfield's purported grounds for dismissal of the Complaint are without merit. The Court should therefore preclude Haddonfield from filing that motion and direct it instead to file its Answer. Thank you for your consideration of this submission.

Respectfully submitted,

Kevin H. Marino

cc:    All counsel of record